United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2003**

Charles R. Fulbruge III
Clerk

**United States Court of Appeals
for the Fifth Circuit**

_____

No. 02-10605

_____

BILLY LEWIS,

Plaintiff - Appellee/Cross-Appellant

VERSUS

BANK OF AMERICA NA, Etc.; ET AL,

Defendants,

BANK OF AMERICA NA, formerly known as Nationsbank of Texas NA;
MARK THOMASON; WALTER F. SMITH, JR.; SALLY WALTERS,

Defendants - Appellants/Cross-
Appellees.

_____

Appeals from the United States District Court
For the Northern District of Texas

_____

ON PETITION FOR REHEARING

Opinion September 2, 2003, U.S. 5th Cir. 2003, _____F.3d____.

Before DAVIS, CYNTHIA HOLCOMB HALL[*] and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Appellee/Cross-Appellant, Billy Lewis ("Lewis") complains that, inter alia, we misstated Texas law when we said that the "failure to disclose information is not actionable 'misrepresentation' under Texas law, absent a fiduciary relationship." Lewis cites *Union Pacific Resources Group, Inc. v. Rhone*, 247 F.3d 574 (5th Cir. 2001), which states that

> A duty to speak arises by operation of law when (1) a confidential or fiduciary duty relationship exists between the parties; or (2) one party learns later that his previous statement was false and misleading; or (3) one party knows that the other party is relying on a concealed fact and does not have an equal opportunity to discover the truth; or (4) one party voluntarily discloses some but less than all material facts, so that he must disclose the whole truth, i.e., all material facts, lest his partial disclosure convey a false impression.

*Id.* at 586 (5th Cir. 2001) (citing *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 670 (Tex. App.-Forth Worth 1998, pet. denied)). We agree that the above quote from *Rhone* correctly states current Texas law.

Lewis argues that the Bank's loan officer Mark Thomason ("Thomason") had a duty to disclose the taxability of the new account under the fourth prong of *Rhone*

---

[*]Circuit Judge of the Ninth Circuit, sitting by designation.

as stated above. Assuming without deciding that Thomason knew the tax consequences of this transaction and had an obligation to advise Lewis accordingly, Lewis still has not satisfied the requirement that he was justified in relying on Thomason for tax advice.

The petition for panel rehearing is denied. Judge Garza would grant rehearing for reasons stated in his Dissent.

No member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc, (Fed. R. App. P. And 5th Cir. R. 35) the Petitions for Rehearing En Banc are also DENIED.